# IN THE UNITED STATES DISTRICT COURT

# FOR THE MIDDLE DISTRICT OF GEORGIA

**MACON DIVISION**

STEVEN TODD FAIRCLOTH,

Plaintiff,

v.

BIBB COUNTY, GEORGIA;

SHERIFF DAVID DAVIS, in his official capacity;

CAPTAIN WILTON R. COLLINS, in his individual and official capacities;

CAPTAIN WANDA AMMONS, in her individual and official capacities;

SERGEANT DARIUS INZAR, in his individual capacity;

SERGEANT SCOTT RICKERT, in his individual capacity;

JOHN/JANE DOE DISPATCHERS AND CAD OPERATORS 1–5,

Defendants.

---

# COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

**(42 U.S.C. § 1983)**

## I. JURISDICTION AND VENUE

1. This action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983.

2. Jurisdiction is proper under 28 U.S.C. §§ 1331 and 1343.

14. Despite having sufficient identifying information, no warrants were pursued.

15. Plaintiff's vehicle was later recovered after being crashed, sustaining substantial damage.

16. Evidence belonging to the suspects was located inside the vehicle but was not acted upon.

## B. April 6, 2022 Roadway Inn Call and Dispatch Failures

17. On April 6, 2022, Plaintiff personally contacted law enforcement to report that his stolen vehicle was located at the Roadway (Rodeway) Inn, 6009 Harrison Road.

18. CAD entries reflect the call was repeatedly reclassified, downgraded, and reactivated, including being mislabeled as a "check," "suspicious vehicle," or non-urgent event.

19. The call failed to result in timely law-enforcement action.

20. At the time, Bibb County was operating with approximately 83 deputies, despite funding for roughly 160, during an E-911 operational transition.

21. Plaintiff's call was effectively de-prioritized due to systemic understaffing and improper CAD handling.

## C. Recovery of Vehicle and Property Seizure

22. On April 7, 2022, Sergeant Inzar recovered Plaintiff's vehicle.

23. During this interaction, Inzar seized Plaintiff's pocket knife.

24. The knife was not returned after proceedings concluded.

25. The seizure and retention were later documented on body-worn camera footage.

## D. January 22, 2024 Meeting with Collins and Ammons

38. Plaintiff engaged in protected speech by filing complaints and seeking redress.

39. Defendants' actions would deter a person of ordinary firmness.

40. Collins' March 7 threat constitutes adverse retaliatory action.

41. Plaintiff's protected conduct was a substantial motivating factor.

## COUNT II – Fourteenth Amendment Due Process (§ 1983)

42. Defendants deprived Plaintiff of property without due process by:

- failing to pursue known suspects,

- retaining Plaintiff's property,

- foreclosing grievance channels after assuming control.

## COUNT III – Failure to Train and Supervise (Monell)

43. Bibb County maintained customs of:

- improper CAD reclassification,

- understaffed response during E-911 transition,

- failure to supervise command-level complaint handling.

44. These customs were the moving force behind Plaintiff's injuries.

## COUNT IV – Access to Courts / Redress Interference

45. Defendants' conduct obstructed Plaintiff's ability to obtain meaningful relief.

46. Command-level stonewalling rendered internal remedies illusory.

☒ 440 – Other Civil Rights

## V. ORIGIN

☒ 1 – Original Proceeding

## VI. CAUSE OF ACTION

42 U.S.C. § 1983 — First and Fourteenth Amendment violations

(Retaliation, deprivation of property without due process, and abuse of authority)

## VII. REQUESTED IN COMPLAINT

☒ Jury Demand: Yes

☒ Class Action: No

## VIII. RELATED CASE(S)

☒ No

Signature: _____

Steven Todd Faircloth, Pro Se

Date: _____