**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| **STEVEN TODD FAIRCLOTH,**<br><br>  *Plaintiff,*<br><br>**v.**<br><br>**BIBB COUNTY GEORGIA,** *et al.,*<br><br>  *Defendants.* | **CIVIL ACTION NO.**<br>**5:26-cv-00056-TES** |

**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND TO
RECAST COMPLAINT**

Pro se Plaintiff Steven Todd Faircloth commenced this civil action on February 6, 2026, by filing a complaint [Doc. 1] and later moving for leave to proceed *in forma pauperis* ("IFP")—that is, without prepaying fees and costs. [Doc. 4]. The Court has conducted an initial screening of Plaintiff's filings. For the following reasons, the Court **GRANTS** his motion to proceed IFP, and **ORDERS** him to recast his complaint.

1.      **Motion for Leave to Proceed *In Forma Pauperis***

Authority for granting a plaintiff permission to file a lawsuit without prepayment of fees and costs is found in 28 U.S.C. § 1915, which provides as follows:

> [Generally], any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses[1] that the person is unable to pay such fees

---

[1] "Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all

or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1). A plaintiff's application is sufficient to warrant a waiver of filing fees if it "represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004). After reviewing Plaintiff's application, the Court **GRANTS** him IFP status. [Doc. 2].

### 2.    Frivolity Review

Since Plaintiff is proceeding IFP, 28 U.S.C. § 1915(e) requires the Court to review his complaint to determine whether it is frivolous or malicious or fails to state a claim for which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i)–(ii). However, upon initial review of Plaintiff's complaint, it appears that he only filed every other page. For example, page one ends with paragraph two, and then page two begins with paragraph 14. [Doc. 1, pp. 1–2]. The page containing paragraphs three through 13 is apparently missing. As a result, it is difficult to properly conduct a frivolity review. Therefore, the Court **ORDERS** Plaintiff to recast his complaint. His recast complaint is due by *June 11, 2026*.

### 3.    Conclusion

Based on the foregoing, the Court **GRANTS** Plaintiff's motion for leave to

---

persons requesting leave to proceed [*in forma pauperis*]." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

proceed IFP [Doc. 4] and **ORDERS** Plaintiff to recast his complaint by *June 11, 2026*.

Once Plaintiff files his recast complaint, the Court will review it to determine whether it

is frivolous pursuant to 28 U.S.C. §1915(e).

      **SO ORDERED**, this 28th day of May, 2026.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**